**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| REBECCA BARNARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:21-cv-1208 |
| ) | |
| WALMART INC., ) | |
| ) | |
| Defendant. ) | |

**NOTICE OF REMOVAL**

Defendant, Walmart, Inc., by and through its attorneys, DeFranco & Bradley, P.C., remove this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446 upon the following grounds:

**VENUE**

1. There is now commenced and pending in the Circuit Court for the First Judicial Circuit, Saline County, Illinois, a certain civil action designated as No. 2021-L-15, in which Rebecca Barnard is plaintiff and Walmart, Inc. ("Walmart") is defendant.

2. Defendant removes this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446(a) because the original action was filed in Saline County, Illinois, which is within the Southern District of Illinois.

**DIVERSITY OF CITIZENSHIP**

3. The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4. Complete diversity of citizenship exists between plaintiff and defendant as required by 28 U.S.C. § 1332(a).

5. Plaintiff is now and was at the commencement of this action a citizen of the State of Illinois.

6. Defendant Walmart is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas. Walmart is a citizen of the States of Delaware and Arkansas.

**AMOUNT IN CONTROVERSY**

7. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

8. This action involves a claim for personal injuries and damages in excess of $50,000 (See Complaint and attached Affidavit signed by plaintiff's counsel). Plaintiff claimed that, as a result of the alleged incident, she sustained past, present, and future pain and suffering, loss of a normal life, emotional distress, and medical expenses; disfigurement; increased risk of future harm resulting from her injuries; and lost wages and income (Complaint, Count I, ¶ 8).

9. The District Courts adhere to a policy favoring prompt removal of cases so that a defendant should effect removal when it appears likely from the face of the complaint that the amount in controversy exceeds $75,000, even when the complaint does not explicitly demand a figure exceeding $75,000. *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Fields v. Jay Henges Enterprises, Inc.*, 2006 WL 1875457, at 3 (S.D. Ill. 2006). This Court, in *Fields*, held:

> The purpose of requiring prompt removal of cases in which federal jurisdiction is apparent on the face of a complaint is to avoid gamesmanship. The "policy and purpose of Congress [is] to effect removals as early as possible and avoid unnecessary delay." *Gilardi*

>*v. Atchison, Topeka & Santa Fe Ry. Co.*, 189 F. Supp. 82, 85 (N.D. Ill.1960).  Correspondingly, courts should not encourage parties to "hold [ ] back" their "federal cards."  *Wilson*, 668 F.2d at 966.  "If a [defendant] has good grounds to remove a case to federal court, it cannot experiment in state court before seeking removal." *Gallagher v. Max Madsen Mitsubishi*, No. 90 C 0508, 1990 WL 129611, at *5 (N.D. Ill. Aug. 27, 1990).  When a defendant fails to effect timely removal of a case that "[is] removable on the initial pleading, the plain language of ... [28 U.S.C.] § 1446(b) applies," so that "[if] the notice of removal [is] not filed within 30 days of the date [the defendant] was served with the original complaint, the removal [is] untimely." *Id.*

*Fields*, 2006 WL 1875457 at 3; see also *Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex.2000) (noting that a complaint "can facially state a claim over the jurisdictional amount when there are no numbers in the [complaint] at all,").

10.   When the complaint itself does not explicitly establish the amount in controversy, the district court may look outside the pleadings to other evidence of jurisdictional amount in the record to determine if the amount in controversy requirement is met.  *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006); *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (holding that defendant may establish amount in controversy through interrogatories, contentions, or admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informal estimates, or by introducing affidavits from employees or experts about how much it may cost to satisfy plaintiff's demands); *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997).

11.   On September 15, 2021, counsel for plaintiff served defendant with her discovery responses and production. Medical records produced by plaintiff indicate that she several injuries including bilateral rotator cuff tears and that she underwent surgery to repair her left rotator cuff tear.

12.     Defendant had insufficient information to establish that the amount in controversy was in excess of $75,000 before September 15, 2021, because defendant had no information concerning plaintiff's injuries, damages, or medical expenses

13.     Defendant asserts to the Court that a preponderance of the evidence known to date establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs, based on plaintiff's alleged sustained past, present, and future pain and suffering;  past, present, and future loss of a normal life; past, present, and future emotional distress; past, present, and future medical expenses; disfigurement; increased risk of future harm resulting from her injuries; lost wages and income past; and the disclosed surgical repair of her torn rotator cuff.

## TIMELINESS

14.     Plaintiff filed the Complaint on April 21, 2021, and served defendant with the Complaint and Summons on May 5, 2021.

15.     This notice of removal was filed within thirty days after defendant learned the amount in controversy exceeded $75,000 pursuant to 28 U.S.C. § 1446(b) and within one year after commencement of the action pursuant to 28 U.S.C. § 1446(c).

## NOTICE REQUIREMENTS

16.     Written notice of the filing of this removal was given to plaintiff pursuant to 28 U.S.C. § 1446(d).

17.     A copy of this notice of removal was filed with the First Judicial Circuit, Saline County, Illinois, as required by 28 U.S.C. §1446(d).

18.     A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, defendant, Walmart, Inc., removes this case to the United States District Court for the Southern District of Illinois and hereby requests that the filing of this notice of removal shall effect the removal of said civil action to this Court.

**DEFENDANT DEMANDS TRIAL BY JURY**.

        DeFRANCO & BRADLEY, P.C.

        By /s/James DeFranco
            James E. DeFranco, #6181134
            Nicholas C. Martin, #6324298
            141 Market Place, Suite 104
            Fairview Heights, IL 62208
            (618) 628-2000
            (618) 628-2007 Fax
            defranco@defrancolaw.com
            martin@defrancolaw.com
            ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| REBECCA BARNARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. Case No. 3:21-cv-1208 |
| | ) | |
| WALMART INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT

STATE OF ILLINOIS   )
                                   ) SS
COUNTY OF ST. CLAIR   )

     James E. DeFranco, being duly sworn upon his oath, deposes and states that he is an attorney for defendants herein, that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendants.

                                      /s/ James E. DeFranco
                                      JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 1st day of October 2021.

                          /s/ Marie G. Agne                 "OFFICIAL SEAL"
                          NOTARY PUBLIC                 MARIE G. AGNE
                                                             NOTARY PUBLIC — STATE OF ILLINOIS
                                                             MY COMMISSION EXPIRES SEPT. 17, 2022

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REBECCA BARNARD, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No. Case No. 3:21-cv-1208 |
| WALMART INC., | ) |
|         Defendant. | ) |

## CERTIFICATE OF SERVICE

James E. DeFranco, after being duly sworn upon his oath, deposes and states that he is an attorney for defendant in the above-entitled cause; that on the 1st day of October 2021 he sent by e-mail and United States mail, properly addressed, with the requisite amount of United States postage thereon, in a secure envelope, a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 1st day of October 2021, a copy of the Notice for Removal filed herein was also electronically filed with Clerk of the First Judicial Circuit Court, Saline County Courthouse, Illinois.

/s/ James E. DeFranco
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 1st day of October 2021.

/s/ Marie G. Agne
NOTARY PUBLIC

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022