IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REBECCA BARNARD,**<br><br>Plaintiff,<br><br>v.<br><br>**WALMART, INC.,**<br><br>Defendant. | Case No. 3:21-cv-1208-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On October 1, 2021, Defendant Walmart, Inc. ("Walmart") removed this action from state court on the basis of diversity of citizenship subject matter jurisdiction (Doc. 1). Barnard responded with a Motion to Remand (Doc. 8), which Walmart opposes (Doc. 11).

## BACKGROUND

Barnard initiated this action on April 21, 2021, by filing a two-count complaint in the Circuit Court for the First Judicial Circuit of Saline County, Illinois, alleging one count of negligence and one count of premises liability (Doc. 1-2, pp. 10-14). Barnard alleged that on December 17, 2020, she was shopping at Walmart Supercenter #237, located in Harrisburg, Illinois, when she fell to the ground after her shoe caught on a sharp piece of metal protruding into the aisle (*Id.*). In her original complaint, Barnard sought "a reasonable amount in excess of the statutory minimum of $50,000, together with her costs of suit" to compensate for her resulting injuries and damages (*Id.*). She allegedly suffered from the following injuries and damages: past, present, and future pain and suffering,

loss of a normal life, medical expenses, and emotional distress, along with disfigurement, increased risk of future harm, and lost wages/income (*Id.*). In June 2021, Walmart answered Barnard's complaint in state court denying the allegations of negligence and premises liability and asserting three affirmative defenses (Doc. 1-3).

A couple months later, as the state court action continued into discovery, Walmart filed a motion to compel to receive responses to its interrogatories and requests for production (Doc. 1-4). Barnard responded to the motion stating that the delay was due, in part, to her recent surgery and recovery related to an injury from the underlying incident (Doc. 8-1). After resolution of the motion to compel, Barnard responded to Walmart's discovery requests and, on September 15, 2021, produced, among other documents, her medical records and bills (Doc. 11). Her medical records indicated that Barnard had multiple injuries, such as bilateral rotator cuff tears, and that she had surgery to address her left rotator cuff tear (*Id.*). Sixteen days later, on October 1, Walmart removed the case to this Court (Doc. 1). Barnard then moved to remand (Doc. 8).

Both parties agree that the elements of diversity jurisdiction—diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs—are present in this case. The parties primarily dispute when, and through what pleading, Walmart was alerted that the amount in controversy exceeded the amount which would satisfy diversity jurisdiction and render the case removable to federal court.

Barnard claims that Walmart's removal is untimely pursuant to 28 U.S.C. § 1446(b). According to Barnard, Walmart received notice of the case's removability, including the

amount in controversy, from the obvious face of the initial complaint (Doc. 8). Barnard further argues that Section 1446(b) requires removal within 30 days of receiving notice that the case is removable, and because Walmart was served on May 5, 2021, the proper deadline for removal was June 7, 2021 (*Id.*). In the event that the complaint did not give sufficient notice, Barnard also claims that her response to Walmart's motion to compel provided proper notice of the amount in controversy (*Id.*). As that response was filed on August 10, 2021, Barnard asserts that the proper deadline for removal would have been September 10, 2021 (*Id.*). Barnard concludes that, because Walmart removed the case on October 1, 2021, the removal was untimely, and the case should be remanded (*Id.*).

Conversely, Walmart asserts that both the complaint and Barnard's response to its motion to compel provided insufficient information to establish a proper amount in controversy. Both the complaint and motion to compel response, according to Walmart, were ambiguous containing only limited information (Doc. 11). As such, Walmart contends that it did not have sufficient information to remove the case until it received Barnard's discovery responses, on September 15, 2021, which contained more detail regarding her injuries and medical expenses (*Id.*). After receiving this information, Walmart provided notice of removal within 16 days, well within the 30 days allowed under Section 1446(b), and within one year after the commencement of the action, as required by Section 1446(c).

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides in relevant part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Potter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694-95 (S.D. Ill. 2007). Under Section 1332, a federal district court has original subject matter jurisdiction over civil actions involving complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "no defendant may share the same state citizenship as any plaintiff." *Big Shoulders Capital LLC v. San Luis & Rio Grande Railroad, Inc.*, 13 F.4th 560, 571 (7th Cir. 2021).

The procedure for removal of civil actions is governed by 28 U.S.C. § 1446. Section 1446(b)(1) provides that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). If it is not apparent that the case is removable from the initial pleading, "a notice of removal may be filed within [30] days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see Caterpillar Inc. v. Lewis*, 519

U.S. 61, 62 (1996). Moreover, no case may be removed based on diversity jurisdiction "more than 1 year after commencement of the action." 28 U.S.C. § 1446(c)(1); *see Caterpillar Inc.*, 519 U.S. at 62.

"While the time limitation imposed by [Section] 1446(b) is not jurisdictional, it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived." *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982) (internal citations omitted); *see also Collins v. Schnuck Markets, Inc.*, No. 22-cv-48, 2022 WL 488146, at *1 (S.D. Ill. Feb. 17, 2022). Thus, if the removing party fails to comply with the procedural requirements of removal, the Court should remand the case to state court. *See* 28 U.S.C. § 1447(c); *Potter*, 483 F. Supp. 2d at 703.

The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of establishing the existence of jurisdiction by a preponderance of the evidence. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *see also Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011). The removal statute should be interpreted narrowly, and courts should "presume that the plaintiff may choose his or her forum." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Generally, "there is a strong presumption in favor of remand." *Id.*

## ANALYSIS

If the original pleading is not removable due to the amount in controversy, "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper.'" 28 U.S.C. § 1446(c)(3).

The "removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013). Nevertheless, "a defendant cannot bury its head in the sand or feign ignorance about information within its control. If removability turns on information about the defendant that the defendant itself knows or can readily ascertain, the 30-day clock…begins to run." *Railey v. Sunset Food Mart, Inc.*, 16 F.4th 234, 241 (7th Cir. 2021).

While typically the triggering "pleading or other paper must specifically disclose the amount of monetary damages sought," Illinois law prohibits parties in personal injury actions from claiming an amount of money damages (otherwise known as an *ad damnum*). *Walker*, 727 F.3d at 824; *See* 735 Ill. Comp. Stat. 5/2-604.2. "A defendant who removes a suit in which the complaint lacks an *ad damnum* must establish a 'reasonable probability' that the amount in controversy exceeds $75,000." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006); *see also Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

Again, the parties here do not dispute that diversity jurisdiction is satisfied, including complete diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs. Instead, the issue is simply the timeliness of removal. There are three triggering pleadings or other papers to consider: (1) the initial state court complaint, (2) Barnard's response to Walmart's motion to compel,

and (3) Barnard's response to Walmart's discovery requests. The primary inquiry for the Court is which of these documents started the 30-day clock for removal.

Barnard argues that either the initial complaint or her response to Walmart's motion to compel prompted the 30-day clock. She contends that both contained sufficient information to put Walmart on notice that the amount in controversy exceeded the jurisdictional requirement.

As to the complaint, Barnard asserts that she clearly alleged serious, permanent injuries and significant medical expenses which would put Walmart on notice of a jurisdictionally sufficient amount. Specifically, she alleged: (a) past, present, and future pain and suffering; (b) past, present, and future loss of a normal life; (c) past, present, and future medical expenses; (d) disfigurement; (e) the increased risk of future harm resulting from her injuries; (f) past, present, and future emotional distress; and (g) lost wages/income (Doc. 1-2, pp. 10-14).

Within her motion to compel response, Barnard sought additional time to answer discovery because she "had been staying with her daughter who lives out of state because [she] needed help caring for herself as she recovers from a surgery related to the accident which is the subject matter of this case" (Doc. 8-1). She argues that this response put Walmart on notice that the amount in controversy exceeded the jurisdictional requirement for removal as her injuries were serious enough to require surgery and that she could not care for herself.

On the other hand, Walmart argues that only Barnard's response to its discovery requests provided sufficient information to effect notice of a jurisdictionally sufficient amount in controversy. Walmart contends that the complaint was facially ambiguous as Barnard made no reference to the nature or permanence of her physical injuries, amount or nature of her medical bills, or treatment she received or needed. Walmart, bearing the burden to demonstrate the case's removability, argues that it could not make a good faith estimate as to the stakes of the case with only the complaint. As to Barnard's motion to compel response, Walmart makes similar arguments—that the response did not provide any detail regarding the injury, type of surgery, costs, or verified cause. Eventually upon receipt of discovery responses, Walmart claims that it had enough information as to the nature and extent of Barnard's injuries, as well as her potential damages, which alerted Walmart that the case was removable.

The Court finds that the complaint did not allow Walmart to determine whether Barnard sought damages in excess of $75,000, exclusive of interest and costs. In reviewing the complaint, the allegations are ambiguous, undescriptive, and boilerplate. As such, Walmart was not put on notice of the case's removability. Barnard argues that she clearly alleged serious, permanent, and significant injuries and damages within the complaint. The Court disagrees. Notably, none of the words "serious," "permanent," or "significant" appear in her complaint. Even if she used those words, her allegations provide no detail as to the nature or extent of her injuries or related damages. Barnard points to other courts that have found that the face of the complaint provided sufficient notice of removability,

however, in those cases more descriptive allegations were presented. *See McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) (complaint provided notice where plaintiff alleged lasting and permanent injuries, including disfigurement and paralysis; medical, surgical, hospital, and nursing care bills; severe pain, emotional distress, disability, loss of income, and loss of normal life); *see also Gallo v. Homelite Consumer Products,* 371 F. Supp. 2d 943, 948 (N.D. Ill. 2005) (complaint facially removable where plaintiff alleged severe burns over 60% of his body, extensive hospitalization and medical treatment, permanent injuries, disability and disfigurement); *see also Fields v. Jay Henges Enterprises, Inc.*, No. 06-cv-323, 2006 WL 1875457, at *4 (S.D. Ill. June 30, 2006) (complaint alerted defendant where allegations included chronic skin disease, permanent and progressive injuries, pain and suffering, and medical expenses for prescriptions, doctors, x-rays, etc.). Without more detail, Barnard's allegations fall short of putting Walmart on notice of removability.

Turning to Barnard's motion to compel response, Walmart did not reasonably receive notice of a jurisdictionally sufficient amount simply from the statement that, "plaintiff had been staying with her daughter who lives out of state because plaintiff needed help caring for herself as she recovers from a surgery related to the accident which is subject matter of this case." In her Motion to Remand, Barnard characterizes this surgery as "major." While that may be true, she did not convey as much in her motion to compel response, and she cannot expect Walmart to infer that she had major surgery simply at the implication that she required care after the procedure. Minor surgeries can

also require post-operative care. Further, without more detail concerning the extent of her injury, type of surgery, expected recovery time, or associated costs, this mere statement did not amount to competent proof or evidence that could create a reasonable probability that a jurisdictionally sufficient amount existed. *See Landacre v. Chantal*, No. 07-cv-415, 2007 WL 2564080, at *4 (S.D. Ill. Sept. 4, 2007). Barnard, especially after surgery, could have provided more details regarding her physical injuries and ongoing treatment, but chose to remain vague and ambiguous. As such, the response to Walmart's motion to compel did not provide sufficient notice as to whether the case was removable.

Barnard submitted discovery responses to Walmart on September 15, 2021, detailing more clearly the nature and extent of her injuries and treatment, including bilateral rotator cuff tears and left rotator cuff surgery. At this point, Walmart was put on notice that the case was removable, and the 30-day clock started ticking. Walmart filed a Notice of Removal on October 1, 2021, within the time period required by Section 1446(b)(1). Thus, Walmart's removal of the case was timely and conformed with the procedural requirements detailed in Section 1446.

## CONCLUSION

For these reasons, the Court finds that Defendant Walmart, Inc.'s removal was timely. Thus, the Motion to Remand (Doc. 8) filed by Plaintiff Rebecca Barnard is **DENIED**.

**IT IS SO ORDERED.**

DATED:   May 16, 2022

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**